**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3807
_____

In the Matter of PENN CENTRAL TRANSPORTATION COMPANY,
Debtor

PENN CENTRAL TRANSPORTATION COMPANY and
AMERICAN PREMIER UNDERWRITERS, INC., the Reorganized Company,
Appellants

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-70-bk-00347)
District Judge: Honorable Harvey Bartle, III

Argued July 17, 2013

Before:  RENDELL, SMITH and ROTH, Circuit Judges

(Opinion Filed: August 14, 2013)

Carl M. Bucholz, Esquire
Brian M. Robinson, Esquire
DLA Piper
1650 Market Street
One Liberty Place, Suite 4900
Philadelphia, PA   19103

Michael L. Cioffi, Esquire **(Argued)**
Nathaniel R. Jones, Esquire
Thomas H. Stewart, Esquire
Blank Rome
201 East 5th Street
1700 PNC Center
Cincinnati, OH  45202

                Counsel for Appellants

Sara J. Geenen, Esquire
Frederick Perillo, Esquire **(Argued)**
The Previant Law Firm
1555 North Rivercenter Drive
Suite 202
Milwaukee, WI  53212

Mark D. Griffin, Esquire
Thorman Petrov Griffin
3100 Terminal Tower
50 Public Square
Cleveland, OH  44113

Randy J. Hart, Esquire
Randy J. Hart, LLC
Carla M. Tricarichi, Esquire
Tricarichi & Carnes
23600 Commerce Park
Suite A
Beachwood, OH  44122

                Counsel for Appellees

## O P I N I O N

**RENDELL**, <u>Circuit Judge</u>:

Appellants American Premier Underwriters, Inc., also known as the Reorganized Company, and the Penn Central Transportation Company ("PCTC")[1] appeal the District Court's order enforcing a $14,761,238 arbitration award in favor of 32 former PCTC employees or their estates (the "Claimants") against the Reorganized Company. The award resolved the Claimants' claims for benefits under a 1964 agreement that was designed to protect employees of the Pennsylvania Railroad Company and the New York Central Railroad Company in the event the railroads merged (the "MPA"). For the reasons discussed below, we will affirm.[2]

In 1968, the Pennsylvania Railroad Company and the New York Central Railroad Company merged to form PCTC. The Claimants brought suits against PCTC under the MPA in the United States District Court for the Northern District of Ohio (the "Ohio Court") in 1969 and 1974. In 1970, PCTC filed for reorganization under § 77 of the Bankruptcy Act in the United States District Court for the Eastern District of Pennsylvania (the "Reorganization Court"). The Reorganization Court authorized the

---

[1] The Pennsylvania Central Transportation Company emerged from bankruptcy in 1978 as The Penn Central Corporation. In 1994, The Penn Central Corporation changed its name to American Premier Underwriters, Inc.

[2] The District Court had jurisdiction under § 77 of the Bankruptcy Act of 1898, 11 U.S.C. § 205 (repealed 1978). This Court has jurisdiction under 28 U.S.C. § 1291.

Claimants' actions to proceed outside the bankruptcy, but reserved the right to enforce any award.[3]

In 2009, approximately forty years after this "Dickensian . . . odyssey through the legal system began," J.A. 18, an arbitration panel awarded the Claimants $564,820 in benefits under the MPA and $13,453,504 in pre-judgment interest. The Reorganized Company appealed the arbitration panel's award to the Surface Transportation Board, which affirmed the award with slight modifications. The Ohio Court then entered judgment for each Claimant or his or her personal representative with pre-judgment interest calculated through the date of its order, increasing the total award to $14,761,238. Only 5 of the 32 Claimants were alive at that time.

After the Ohio Court entered judgment, the Reorganized Company petitioned the Reorganization Court to exercise its retained jurisdiction to determine whether the judgment would be enforced. Following a brief discovery period, both parties moved for summary judgment. The Reorganized Company contended, as it argues again on appeal, that (1) the discharge and injunction provisions in the bankruptcy plan and the consummation order bar liability against it because the MPA claims arose before and during the reorganization and (2) the Bankruptcy Act of 1898 and the bankruptcy plan forbid post-petition interest. The Claimants argued that (1) the bankruptcy plan and the consummation order did not affect their rights to MPA benefits because § 77(n) of the

---

[3] In 2007, the Ohio Court ordered the Claimants' actions to be arbitrated in one consolidated proceeding.

Bankruptcy Act[4] prohibited the Reorganization Court from modifying their wages and (2) their award of post-petition interest was fair given the lengthy passage of time.

We have reviewed the parties' arguments, the record, and the applicable law, and will affirm the District Court's order enforcing the arbitration award for the reasons stated in parts IV and VI of its opinion, which provide a thorough and comprehensive analysis of the Bankruptcy Act and the issues involved in the arbitration proceeding.[5] We need not repeat the District Court's excellent analysis here but note only that we find it clear that § 77(n) of the Bankruptcy Act prohibits reorganization courts from modifying the obligations of railroads with respect to the wages and working conditions of their employees. As a result, contrary to Defendants' position, the discharge and injunction provisions of the bankruptcy plan and the consummation order could not have affected the MPA. The Reorganized Company, which is "the very same corporation that the Claimants had sued [for MPA benefits]—only reorganized with a new name!", J.A. 35, is thus required to pay the MPA benefits that the arbitration panel awarded Claimants.

Similarly, we find it evident that neither the bankruptcy plan nor Supreme Court precedent interpreting the Bankruptcy Act prohibit post-petition interest in this fact-pattern, and that none of the practical considerations that typically weigh against allowing

---

[4] The second sentence of § 77(n) reads: "No judge or trustee acting under this title shall change the wages or working conditions of railroad employees except in the manner prescribed in the Railway Labor Act. . . ." It is undisputed that during the reorganization, PCTC's obligations under the MPA were not modified under the Railway Labor Act.

[5] As we agree with the District Court's analysis of the Bankruptcy Act, we will not address the District Court's alternative holding that, due to its acquiescence in the arbitration proceedings over the course of many years, the Reorganized Company is estopped from denying liability.

post-petition interest are present in this case. Thus, we agree with the Reorganization Court's approval of the award of pre-judgment interest.

Accordingly, we will affirm the order of the District Court in all respects.